CITY OF COLUMBUS, Appellant,

v.

WATSON, Appellee.

[Cite as *Columbus v. Watson* (1989), 64 Ohio App.3d 6.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–316.

Decided Aug. 29, 1989.

*Ronald J. O'Brien,* City Attorney, *James J. Fais,* City Prosecutor, and *Dennis P. Evans,* for appellant.

*Fred Thomas,* for appellee.

WHITESIDE, Judge.

The city of Columbus appeals from a judgment of the Franklin County Municipal Court suppressing certain evidence obtained as a result of a search not incident to a lawful arrest and raises a single assignment of error as follows:

"The trial court erred in sustaining the defendant's motion to suppress evidence found during a search incident to arrest."

Two police officers patrolling an area in a marked cruiser received a dispatch that a group of persons had been observed selling crack at a street corner. The officers had driven past that area shortly before and observed some individuals at the street corner but did not observe any illegal activity. They returned to the intersection and found no one there. The officers parked their cruiser and then observed a vehicle with darkened windows drive away from the vicinity. The officers followed the vehicle and, observing the absence of a light over the vehicle's rear license plate, stopped the vehicle.

The vehicle was occupied by a driver and a passenger in the front seat. One of the officers testified that she thought the driver was one of the persons she observed on the street earlier. The other officer determined that the passenger was a juvenile and placed him under arrest for a curfew violation. After removing both persons from the vehicle, the officers conducted a search of the vehicle and found a knife and a pellet gun under the driver's seat. Defendant appellee, William W. Watson, Jr., was the driver and was charged with carrying a concealed weapon. The trial court sustained a motion to suppress evidence obtained as a result of the search of the vehicle, finding such search not to comport with constitutional requirements.

The trial court did not err. The evidence adduced supports the finding of the trial court that the search was unlawful and unreasonable under the circumstances. The officers admitted they had no probable cause to arrest

either defendant, the driver, or the passenger, the juvenile, for a criminal offense.

The only offense the officers contended that defendant committed was operating a motor vehicle without a sufficient license-plate light. Both officers testified that defendant was not under arrest at the time that they searched the vehicle. They also testified that they had no reason to be apprehensive and that there was no emergency situation. Neither officer professed to be experts with respect to profiles of drug dealers. Also, neither gave any explanation for the search of the vehicle other than an innuendo that they suspected defendant might be involved with crack because of the radio dispatch they had heard. However, both admitted that defendant was not under arrest at the time of the search of the vehicle, and both admitted that they observed no criminal activity by the persons they observed on the street corner prior to the dispatch they received over the radio, apparently predicated upon an anonymous call.

Although one of the officers testified that she thought defendant was one of the persons she had previously observed on the street corner, the trial court was not required to believe her testimony, and it was sufficiently vague. Her only explanation for the identification of defendant as his being one of those persons observed earlier was that "part of his shirt was of a bright color, either a yellow or bright orange, or something like that."

Defendant points out that, under the circumstances involved, R.C. 2935.26 prohibits the arrest of an individual for the traffic offense allegedly involved and, instead, requires the issuance of a citation unless certain circumstances exist, none of which are applicable here. Rather, the officers admitted that they did not either issue a citation or arrest defendant with respect to the absence of a license-plate light. In short, the officers gave no explanation to the trial court to justify the search of the vehicle (as opposed to the person of defendant), other than speculation that defendant might somehow be involved with drugs.

The city argued both in the trial court and on appeal that the "arrest" of the juvenile for a curfew violation somehow gave the police a right to search the vehicle. First, there is absolutely no evidence in the record as to any facts justifying a seizure of the juvenile other than the statement that he was sixteen years old, and the officer "intended to arrest him for curfew." The prosecution has not explained the law which allows the police to seize a passenger of a motor vehicle operated by an adult merely because a juvenile is in the automobile, even at 3:00 a.m. in the morning. Columbus City Code (C.C.) 2321.02(B) does provide that, between the hours of midnight and 4:30 a.m., no minor shall "loiter, idle, wander, stroll or play upon the public streets,

other public places, places of amusement and entertainment, vacant lots or other unsupervised places." Being a passenger in an automobile does not constitute loitering, idling, wandering, strolling or playing upon the public streets, especially when accompanied by an adult.

C.C. 2321.02(C) expressly provides that the curfew prohibition does not apply if the minor is "accompanied by * * * [an] adult person having the care and custody of the minor." There is nothing in the record before us to indicate that the officers had probable cause to believe that the minor was not in the care and custody of defendant, an adult and operator of the motor vehicle, even if somehow they could have otherwise had probable cause to believe the minor was in violation of the curfew law while a passenger in an automobile driven by an adult.

In other words, the officers did not relate to the trial court any basis for a lawful arrest of the juvenile for a curfew violation. If such a basis existed, the officers failed to relate the factual foundation for the existence of probable cause for that arrest. From the record before us, the trial court properly could conclude that the arrest of the minor for a curfew violation was not lawful. An unlawful arrest does not give police officers a right to search a vehicle. We find no error on the part of the trial court in finding that the search here was not incident to a lawful arrest so as to comport with constitutional requirements for a warrantless search and seizure. We find no error in the suppression of the evidence.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

McCORMAC, P.J., and YOUNG, concur.